UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ESTATE OF ELEANOR NORTHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-00406-TWP-TAB |
| | ) |
| CITY OF INDIANAPOLIS, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON DEFENDANT'S MOTION *IN LIMINE***

This matter is before the Court on a Motion *in Limine* (Filing No. 111) filed by the Defendant City of Indianapolis ("the City"). This case is scheduled for a trial by jury to begin on January 8, 2024, on Plaintiff Estate of Eleanor Northington's ("the Estate") state law battery claim against the City on a *respondeat superior* theory. In anticipation of trial, the City has moved the Court to rule on various evidentiary issues. For the following reasons, the Motion, is **granted in part and denied in part**.

I.   **LEGAL STANDARD**

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purposes. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id*. at 1401. And a trial judge

does not bind herself by ruling on a motion *in limine* and "may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## II. DISCUSSION

The City asks the Court to order and admonish the parties and witnesses not to mention, refer to, or interrogate concerning the following: 1) references that Eleanor Northington's ("Ms. Northington") death resulted from the alleged *respondeat superior* battery claim; 2) references to social unrest and protests against law enforcement related to this incident; 3) references or evidence concerning news and media reports, stories and accounts of this incident or any other police use of force incident; 4) references or evidence concerning other lawsuits filed against the City, the Indianapolis Metropolitan Police Department ("IMPD"), or any individual law enforcement officers; 5) references or evidence of settlement negotiations; 6) references to Eleanor Northington as a "victim" or any Defendant employee, specifically any IMPD officer, as a "killer," "murderer," or "assailant"; 7) changes or revisions to IMPD policy that occurred after the incident involving Eleanor Northington; 8) testimony by lay witnesses that IMPD's use of force was improper, unnecessary, or unlawful; 9) testimony relating to any expert reports, records, opinions as to the use of ketamine or any other irrelevant opinions; 10) any substantive evidence not previously disclosed or discovered; 11) references, evidence, or testimony discussing the lack of IMPD body camera video footage for the incident between IMPD officers and Eleanor Northington; and 12) evidence or testimony relating to any other use of force incidents by the IMPD involved officers.

On December 6, 2023, the Estate filed a response in which it responded only to request number one. (Filing No. 126). The Court will briefly address each request in turn.

1. The motion *in limine* regarding evidence or references to Ms. Northington's death having resulted from the alleged *respondeat superior* battery claim is **granted**. The Estate agrees

to refrain from mentioning the word "death" but seeks to reference "serious bodily injury" or "serious medical condition" in relation to Ms. Northington's condition after the incident (Filing No. 126). The Court understands the Estate's agreement to indicate that they will not refer to the word "death" in the context of Ms. Northington's "cause of death". The City correctly points out that no wrongful death claim is before the jury, as no timely wrongful death claim was filed (Filing No. 109 at 4 and n.1). Ms. Northington's cause of death is not a question for the jury. Accordingly, the Estate may refer to serious bodily injury or serious medical condition, but no testimony concerning "cause of death" will be made before the jury. Federal Rule of Evidence 403.

    2.    The motion *in limine* regarding evidence or references to social unrest and protests against law enforcement related to this incident or any law enforcement use of force is **granted**. The Court finds that evidence of protests against law enforcement, especially those which are unrelated to the City's case, has minimal probative value, if any, and is outweighed by its prejudicial effect. This testimony shall not be made before the jury. Fed. R. Evid. 403.

    3.    The motion *in limine* regarding evidence or reference to news and media reports, stories and accounts of this incident or any other use of force is **granted**. The Court agrees that such evidence is hearsay and potentially inflammatory. Such evidence shall not be introduced. Fed. R. Evid. 403; Fed. R. Evid. 802.

    4.    The motion *in limine* regarding evidence or references to other lawsuits filed against the City, IMPD, or any individual law enforcement officers is **granted**. Although this determination is fact-specific, the Estate does not oppose this request and has offered to show how such evidence would be relevant to this proceeding. Therefore, the City's motion as to other lawsuits and claims is **granted** pursuant to Fed. R. Evid. 402, 403 and 404(b).

5. The motion *in limine* regarding evidence or references to settlement negotiations is **granted**, and this evidence shall not be mentioned in front of the jury by any party. Fed. R. Evid. 408.

6. The motion *in limine* regarding evidence or references to Ms. Northington as a "victim" or police officers as "Killer", "murderer" or "assailant" is **granted in part and denied in part**. The probative value of referencing the City employees as "killers" "murderers" or a similar term is outweighed by the substantial danger of unfair prejudice or misleading the jury. Thus, this portion of the motion is **granted**. Fed. R. Evid. 403. However, reference to Ms. Northington as a "victim" of an alleged battery in some usages, may be appropriate. This determination is fact-specific, and if offered, the Court can assess the admissibility of such a reference in the context of the trial. Accordingly, this portion of the motion is **denied**.

7. The motion *in limine* regarding evidence or references to changes or revisions to IMPD policy that occurred after the incident involving Ms. Northington is **granted**. Although this evidence might in limited circumstances be relevant, the Estate does not oppose this request and has offered no argument to support its relevance or admissibility at trial.[1]

8. The motion *in limine* regarding evidence or references to IMPD's use of force as improper, unnecessary, or unlawful by lay witnesses is **granted** to the extent it does not comply with Federal Rule of Evidence 701. That is, lay witnesses may not opine about whether officers' beliefs regarding the use of force were "reasonable", or whether the force used was "necessary" under Ind. Code § 35-41-3-3.

---

[1] For example, Federal Rule of Evidence 407, prohibits such measures as inadmissible to prove negligence or culpable conduct, but allows them for another purpose, such as impeachment.

9. The motion *in limine* regarding evidence or references to the use of ketamine in any expert reports, records, or opinions is **granted**. The City points out that neither the Felo expert report nor the Pusins expert report makes any mention of ketamine. When a party fails to provide information or identify a witness, Federal Rule of Civil Procedure 37(c)(1) prevents the use of the information or witness at trial unless the failure was substantially justified or is harmless.

10. The motion *in limine* regarding evidence or references to any substantive evidence not previously disclosed or discovered is **granted**. When a party fails to provide information or identify a witness, Federal Rule of Civil Procedure 37(c)(1) prevents its use at a trial unless the failure was substantially justified or is harmless.

11. The motion *in limine* regarding evidence or references to the lack of IMPD body camera footage for the incident is **denied**. This evidence could be relevant in some instances to the issues at trial. While the Court denies the City's present motion *in limine*, timely objections made at trial will be evaluated in the context of trial and could be excluded if warranted.

12. The motion *in limine* regarding evidence or references to other use of force incidents by the involved IMPD officers is **granted**, as the prejudicial value would outweigh the probative value.

### III.   CONCLUSION

For the foregoing reasons, Defendant's Motion *in Limine* (Filing No. 111) is **GRANTED in part and DENIED in part** as specifically outlined above.

**SO ORDERED**.

Date:  12/11/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Larry W. Pleasants
LARRY PLEASANTS, PROFESSIONAL CORPORATION, ATTORNEY
larry@larrypleasants.com

Anthony W. Overholt
FROST BROWN TODD LLP
aoverholt@fbtlaw.com

Brandon E. Beeler
CITY OF INDIANAPOLIS
OFFICE OF CORPORATION COUNSEL
brandon.beeler@indy.gov

Kiely C. Keesler
CITY OF INDIANAPOLIS
OFFICE OF CORPORATION COUNSEL
kiely.keesler@indy.gov