UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ESTATE OF ELEANOR NORTHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-00406-TWP-TAB |
| ) | |
| CITY OF INDIANAPOLIS, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendant City of Indianapolis's ("the City") Motion to Dismiss (Filing No. 141), which asks for judgment on the pleadings on the Estate of Eleanor Northington's ("the Estate") sole remaining state law *respondeat superior* claim for battery currently set for a trial by jury on February 20, 2024. For the following reasons, the motion is **denied**.

**I. STANDARD OF REVIEW**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standard the court uses when reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738

(7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A court should not grant a motion for judgment on the pleadings unless "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

## II. DISCUSSION

The City seeks dismissal explaining;

> After the Court held its Final Pretrial Conference on December 12, 2023, and based upon the Court's Orders on the parties' pretrial pleadings [Dkts. 109, 138], the Estate's remaining claim is subject to dismissal because (1) without a claim under Indiana's wrongful death statute, Indiana's common law dictates that no tort experienced by Eleanor Northington ("Northington") survived her death and (2) even if such a claim survived, Northington died at the time it was determined she had no brain activity and as a result, evidence of her brain death is inadmissible.

(Filing No. 142 at 1-2).

Indiana's Survival Statute, like its companion, the Wrongful Death Statute, is in derogation of the common law, and it is to be strictly construed. *See Foster v. Evergreen Healthcare, Inc.*, 716 N.E.2d 19, 25 (Ind. Ct. App. 1999); *see also Ed Wiersma Trucking Co. v. Pfaff*, 643 N.E.2d 909, 911 (Ind. Ct. App. 1994) (citing *Southlake Limousine & Coach, Inc. v. Brock*, 578 N.E.2d 677, 679 (Ind. Ct. App. 1991), *trans. denied*) (wrongful death statute), *adopted by* 678 N.E.2d 110 (Ind. 1997). The substantive section of the survival statute, Section 34-9-3-1, clearly enumerates six causes of action — libel, slander, malicious prosecution, false imprisonment, invasion of

privacy, and personal injuries to the deceased party — that do not survive the death of a party except "to the extent provided in this chapter." Ind. Code § 34-9-3-1. The chapter then provides limited circumstances for the survival of personal injury claims but not for the other five enumerated claims. *See* Ind. Code §§ 34-9-3-4; 34-9-3-5.

Ind. Code § 34-9-3-4, which the Court views as determinative of the City's motion, provides:

> (a) This section applies when a person:
>> (1) receives personal injuries caused by the wrongful act or omission of another; and
>> (2) subsequently dies from causes other than those personal injuries.
>
> (b) The personal representative of the decedent who was injured may maintain an action against the wrongdoer to recover all damages resulting before the date of death from those injuries that the decedent would have been entitled to recover had the decedent lived. The damages inure to the exclusive benefit of the decedent's estate.

The City relies heavily on *Jackson v. SPC Leasing* and the analysis therein of Ind. Code § 34-9-3-1 for the proposition that "there is no cause of action if the decedent's death was caused by the personal injuries alleged in the complaint." 2023 WL 354232, at *6 (Ind. Ct. App. Jan. 23, 2023) (internal quotations and citations omitted). But the pleadings do not establish that the alleged battery was the sole cause of Ms. Northington's death. In the Second Amended Complaint, the Estate alleges in part that Eleanor Northington's ("Ms. Northington") death was "*a* direct, legal and proximate result of" defendant parties' "gross negligence, . . . deliberate indifference, or reckless disregard for an obvious risk", in addition to their battery (Filing No. 26 at 5) (emphasis added). As was discussed at the final pretrial conference, the autopsy report written by Dr. Poulos, whose testimony the Court has limited to inquiries about the alleged battery (*see* Filing No. 140 at 2), indicates the "Cause of Death" as anoxic brain injury in the setting of morbid obesity, cardiac hypertrophy, schizophrenia, and struggle with others (*see* Filing No. 80-8 at 1).

3

The Estate's averments, at the pretrial conference or otherwise, do not foreclose other potential causes of her death. Neither does the parties' supplemental joint stipulation, which merely submits that "Eleanor Northington is deceased and the cause of her death is not an issue before the jury." (Filing No. 159.) As such, it has not been established, and it is not at issue, whether Ms. Northington ultimately died from the battery or some other unrelated condition or comorbidity. The Court therefore declines to dismiss on these grounds the remaining state law battery claim, which will go to trial by jury "to recover all damages resulting before the date of death[1] from those injuries that the decedent would have been entitled to recover had the decedent lived." Ind. Code § 34-9-3-4(b).

Additionally, the Estate indicates a willingness to not discuss "evidence of brain death" at trial (see Filing No. 162 at 2) and points to Indiana's passage of the Uniform Determination of Death Act for the definition of "death":

> (a) Only an individual who has sustained either:
>> (1) irreversible cessation of circulatory and respiratory functions; or
>>
>> (2) *irreversible cessation of all functions of the entire brain, including the brain stem*;
>
> is dead. A determination of death must be made in accordance with accepted medical standards.
>
> (b) This section shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this section . . . .

Ind. Code § 1-1-4-3 (emphasis added). While the City correctly points out that the Court has ruled inadmissible any "testimony concerning [Ms. Northington's] 'cause of death'" (Filing No. 138 at 3), the same ruling does not necessarily preclude testimony or evidence describing any traumatic brain injury resulting from the alleged battery. Cessation of brain functioning resulting from

---

[1] The Court understands the alleged battery incident to have taken place on February 6, 2019 (see, e.g., Filing No. 80-8 at 4), and that Ms. Northington died the following day. (See id. at 2 (listing date of death).)

trauma occurs on a spectrum — in the Court's opinion, this is a non-controversial observation. The Estate should therefore be allowed to prove damages stopping short of "*irreversible* cessation of *all* functions of the *entire* brain, *including the brain stem*." Ind. Code § 1-1-4-3 (emphasis added).

The Court reiterates that the single claim before the jury is battery. The Court acknowledges the City's ultimate concern that the jury, in wading into an impermissible determination as to "cause of death", may award damages related to Ms. Northington's death itself. As such, the Court reminds the Estate's counsel to stay the course of the sole claim at hand and implores him to vigilantly abstain from even hinting — let alone presenting evidence or testimony — that the alleged battery proximately caused "brain death" or death.

### III. CONCLUSION

For the reasons stated above, the City's Motion to Dismiss (Filing No. 141) is **DENIED**. Unless the parties reach a settlement, the Court anticipates the two-day jury trial to begin as scheduled on **Tuesday, February 20, 2024 at 9:00 a.m.**

**SO ORDERED.**

Date:   1/19/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Larry W. Pleasants
LARRY PLEASANTS, PROFESSIONAL CORPORATION, ATTORNEY
larry@larrypleasants.com

Brandon E. Beeler
Kiely C Keesler
CITY OF INDIANAPOLIS
OFFICE OF CORPORATION COUNSEL
brandon.beeler@indy.gov
kiely.keesler@indy.gov

Anthony W. Overholt
FROST BROWN TODD LLP
aoverholt@fbtlaw.com