UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ESTATE OF ELEANOR NORTHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-00406-TWP-TAB |
| ) | |
| CITY OF INDIANAPOLIS, ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON MOTIONS TO AMEND FINAL WITNESS LIST AND DESIGNATE PORTIONS OF DEPOSITION

This matter is before the Court on Plaintiff Estate of Eleanor Northington's (the "Estate") Verified Motion to Add Expert Witness to Final Trial Witness List (Filing No. 156), and Designation to Portions of Robert Pusins' Depositions to be Read at Trial (Filing No. 161). Defendant City of Indianapolis (the "City") has not filed a response to either motion and the time to do so has expired. For the reasons stated below, the Motion to add Pusins is **granted** and the motion for designation of his depositions is **denied as moot**.

This matter is currently set for a trial by jury on February 21, 2024, on the Estate's sole surviving *respondeat superior* claim for battery against the City. This matter was previously scheduled for trial to begin on January 8, 2024 (Filing No. 98), however, on December 20, 2023, the Court granted the Estate's emergency motion for continuance and reset the trial for February 21, 2024. (Filing No. 151). On December 22, 2023, the Estate filed the instant motion asserting it previously "had planned to use [Robert Pusins'] deposition and report only" because he had surgery scheduled on January 9, 2024 (Filing No. 156 at 1). With the continuance of trial to February, however, Pusins is available to testify, and the Estate requests to add Pusins to the final trial witness list "as he is a crucial witness in this case." *Id.*

Under Federal Rule of Civil Procedure 16(b)(4), the moving party must show "good cause" to amend a deadline in the trial court's scheduling order after that deadline has expired. *See Allen v. Brown Advisory, LLC*, 41 F.4th 843, 852 (7th Cir. 2022). This comports with Local Rule 16-1(f), which requires "good cause" shown for altering deadlines established in any order or pretrial entry. The central consideration in assessing Rule 16(b)(4) "good cause" is "the diligence of the party seeking to amend," *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 852–53 (7th Cir. 2022). The Estate's diligence is arguable as it specifically relates to Pusins' testimony. Although the Estate did not explicitly name Pusins in any of the six (6) trial witness lists it filed (some of which were untimely) — and thus misrepresents that Pusins was previously included in a final witness list— the Estate did list Pusins' April 4, 2022, expert report in its final trial *exhibit* list filed on November 30, 2023. (Filing No. 119 at 1). The Court conducted the final Pretrial Conference on December 12, 2023,[1] before and after which the Estate filed several revised exhibit lists, each identifying the "Deposition and Expert Report of Robert Pusins, C.P.M[.]" (Filing No. 134 at 1; *accord* Filing No. 136 at 1; Filing No. 137 at 1; Filing No. 152 at 1). On December 21, 2023, the Estate complied with the Court's unrelated directions given at the Pretrial Conference to file a revised final trial witness list — and this one included neither Pusins nor the other "CPM" expert (*see* Filing No. 153).

Despite these concerns, the Estate filings make clear that it planned to utilize Pusins' expert report and deposition testimony. Upon learning that the trial date had moved from early January, the Estate promptly sought to instead use Pusins' live testimony. Importantly, the motion to add Pusins' as a live witness is unopposed, so the Court accepts that the City will not be prejudiced by

---

[1] After the two-week filing deadline had passed, the Court reset the Final Pretrial Conference from December 13, 2023, to December 12, 2023 (*see* Filing No. 122).

permitting the amendment. The Court finds sufficient good cause in these circumstances to alter the previously imposed deadline and amend the witness list to add Pusins as a live witness. Accordingly, the Estate's Motion to Add Expert Witness Pusins to Final Trial Witness List (Filing No. 156) is **GRANTED**.

As the Court will allow Pusins to testify in person, the Court **DENIES as moot** the Estate's Designation To Portions Of Robert Pusins' Depositions to Be Read at Trial (Filing No. 161), which the Court interprets as a motion to rule on the admissibility of certain excerpts of Pusins' deposition testimony under Federal Rule of Civil Procedure 34(a)(4).

**SO ORDERED**.

Date: 2/2/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brandon E. Beeler
Kiely C Keesler
Office of Corporation Counsel
brandon.beeler@indy.gov
kiely.keesler@indy.gov

John F. Kautzman
Edward J. Merchant
Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS DUNCAN & MERCHANT, LLP
jfk@rkblegalgroup.com
ejm@rkblegalgroup.com
ard@rkblegalgroup.com

Anthony W. Overholt
FROST BROWN TODD LLP
aoverholt@fbtlaw.com

Larry W. Pleasants
LARRY PLEASANTS, PROFESSIONAL CORPORATION, ATTORNEY
larry@larrypleasants.com